### BOSTON & M. R. R. v. DANIEL.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 319.

1. **Appeal and error** ⊜⇒1064(2)—**Trial** ⊜⇒194(17)—**Instruction as to implied consent of railroad to construction of crossing held error, but not so prejudicial as to require third trial.**

In an action for injuries at a railroad crossing, an instruction that the jury might infer from the conduct of the railroad company in erecting a crossing sign, and the fact that its engines whistled at the crossing, that it gave its consent to the construction of the crossing at grade as required by the Vermont law, *held* error, as it was for the jury to decide whether the acts of the railroad amounted to consent, but the error was not so prejudicial as to require a third trial. (Per Mayer, Circuit Judge.)

2. **Appeal and error** ⊜⇒1066—**Trial** ⊜⇒252(9)—**Instruction as to alternate methods of finding verdict held error, but not so prejudicial as to require third trial.**

In an action for injuries at a railroad crossing, an instruction putting to the jury alternate methods of finding a verdict for plaintiff, *held* error, where there was not sufficient evidence that the path crossed was a public highway, but not so prejudicial as to require a third trial. (Per Hough, Circuit Judge.) .

In Error to the District Court of the United States for the District of Vermont.

Action by Vera Daniel, as administratrix of the estate of Louis Daniel, against the Boston & Maine Railroad. Judgment for plaintiff, and defendant brings error. Affirmed.

Writ of error to a judgment entered by the District Court in favor of plaintiff below for $16,500. The nature of the accident and the questions involved were sufficiently discussed in 290 Fed. 916, when the case was here before.

On the second trial, some additional testimony was adduced by plaintiff upon the question as to whether or not the crossing was a public highway. The court, as before, submitted to the jury two questions: (1) "Was the road a public highway and the crossing a public crossing?" and (2) "If the road and crossing were a private road and crossing, was the defendant negligent in running its engine over the crossing at the speed and in the way and manner it did?" To each of these, the jury answered, "Yes," and the verdict followed.

William W. Stickney, John G. Sargent, and Homer L. Skeels, all of Ludlow, Vt., for plaintiff in error.

Searles & Graves, of St. Johnsbury, Vt., for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, Circuit Judge (after stating the facts as above). [1] We shall not again review the testimony bearing on the questions as to whether or not the road and crossing were a public highway and a public crossing, or the additional testimony presented on this trial. We think the additional testimony added nothing as matter of law, and that the sole question which should have been sent to the jury was that numbered (2) supra.

In the event that other cases of a similar nature arise, we point out that it was error to instruct the jury:

"From the year 1849, to the year 1886, the selectmen did not have the authority to lay out a public highway across a railroad at grade without the permission or consent of the railroad. If you find that the railroad erected and maintained at this crossing, for a long time after it was built, a signboard on two posts with the words, 'Look Out for the Engine,' painted on the board, and that the defendant's engines whistled at that crossing, then you can infer from these facts that the railroad company did give its permission and consent to laying out and constructing a public highway across the railroad at grade."

In the cases where, under Vermont law, the railroad's consent is necessary in regard to laying out and constructing a public highway across the railroad at grade, the jury should not be summarily instructed that it may infer that the conduct referred to amounts to permission or consent. Assuming other relevant acts, such as laying out, to be present, it is for the jury to decide whether the acts of the railroad amounted to permission or consent to laying out and constructing a highway crossing the railroad at grade, and the jury should be so instructed.

In respect of the common-law duty of defendant below on the assumption that the road was a private road, the court charged accurately and in strict accordance with what was held in (C. C. A.) 290 Fed. 916.

The charge put the matter before the jury quite differently than was done on the previous trial. In that case, the statutory obligation of defendant which it owed, in the event that the road was found to be a public highway, was so intertwined with the common-law duty, in the event that the jury found that the road was a private road, that we regarded the errors as prejudicial.

At the former trial, just before the court charged the common-law duty, it laid down a rule of absolute liability with no qualifications, as will appear from the extract in page 917 of 290 Fed., which need not again be quoted.

On this trial, however, the court was careful to make plain the separate theories of recovery and the rights and obligations in the different circumstances. After having charged as to the public highway question, the court said:

"If you fail to find that the road was a public highway or the crossing a public crossing, as defined, or that the failure of the defendant to ring the bell or blow the whistle was the cause of the accident—in other words, that the accident would have happened just the same if the bell had been rung or the whistle blown—or if you fail to find that the railroad gave its permission or consent to the laying out of a public crossing over its railroad at grade as defined, the plaintiff cannot recover on this theory of her case, and you will proceed to consider the other theory of her case, which is the second principal question. Have I made this theory plain to you, gentlemen?

"If the road leading over the crossing was a private road, and the crossing a private crossing, was the defendant negligent under the common law in running its engine over the crossing at the speed and in the way and manner it did, and did such negligence cause the death of Mr. Daniel?"

Then followed detailed and correct instructions as to common-law liability.

There was abundant evidence of failure by defendant in the performance of its common-law duty, and we think that the errors in respect of the public highway question were not of such prejudicial character as to call for a third trial.

Judgment affirmed.

HOUGH, Circuit Judge (concurring). [2] I concur in result, although in my opinion it was clear legal error to put to the jury alternate methods of finding verdict for plaintiff. The suggestion that this path might be a public highway (a matter unsupported by the evidence as I think) afforded to a lay jury excuse for a result which otherwise must have rested solely on the quite fantastic story of reckless engine driving told by a witness for plaintiff. Nevertheless, this case has been twice tried, the jury temper has been well tested, and plaintiff in my judgment will always get a verdict. It is in the interest of quiet that this verdict stand.

MANTON, Circuit Judge. I concur in the result.